IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **LACY KING, ET AL** | * | **CIVIL ACTION NO. 06-0264** |
| **VERSUS** | * | **JUDGE JAMES** |
| **DONALD PERRY, ET AL** | * | **MAGISTRATE JUDGE HAYES** |

### O R D E R

After reviewing the Government's briefs filed in support of its motion to dismiss (Document Nos. 13, 25), and the Plaintiffs' brief in opposition (Document No. 23), the undersigned finds that further additional briefing is required. Despite the Court's earlier grant of the Government's *ex parte* motion to substitute, in light of the arguments Plaintiffs raised in their opposition, new questions have arisen as to the propriety of the Government's substitution.[1]

According to Plaintiffs' state court petition, defendant Donald Perry ("Perry") allegedly committed malpractice when he treated decedent Beatrice King ("King") between January 2, 2001, and January 4, 2001. Plaintiffs filed suit in state court against Perry and others on April 30, 2001, and, due to the court's grant of a new trial following Perry's default, filed a second suit on August 26, 2005.

According to Plaintiffs, during the early months of their second suit in August 2005, the Government provided assurances that Perry was not acting as a federal employee during his treatment of King; however, in February 2006 the Government removed the case to this Court

---

[1] Substitution, in this case, is determinative of the Court's subject matter jurisdiction, *see Gutierrez de Martinez v. Lamango*, 515 U.S. 417, 420 (1995) (holding that Attorney General's certification for substitution purposes is reviewable), and therefore can be raised *sua sponte*. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990) (citing Fed. R. Civ. P. 12(h)(3); *Baker Oil Tools, Inc. v. Delta S.S. Lines, Inc.*, 562 F.2d 938, 940 n.2 (5th Cir. 1977); *Oswalt v. Scripto, Inc.*, 616 F.2d 191 (5th Cir. 1980)).

and filed a motion to substitute, claiming that Perry was a federal employee on -- and only on -- January 3, 2001.

None of the documents filed in support of the Government's motions indicate why Perry was a federal employee only on one of the three days alleged in Plaintiffs' petition or why, after allegedly assuring Plaintiffs that Perry was not a federal employee, the Government has now determined the opposite.[2] The Government's motion to substitute and attached certification merely recites that Perry was "an employee of the United States Department of Health and Human Services, [and] was in the course and scope of his employment only for the medical treatment provided to the plaintiff on January 3, 2001." Govt.'s Motion to Substitute, Ex. A. The Government is hereby **ORDERED** to provide further briefing and evidence as to why Perry acted as a federal employee only on January 3, 2001, and to respond to Plaintiffs' allegations that it had previously denied Perry's status as a federal employee.

Second, the factual and legal bases for the Government's conclusion that Perry acted as a federal employee when he treated King is unclear. In its motion to substitute and attached certification, the Government repeatedly cites portions of the Federal Employees Liability Reform and Tort Compensation Act (commonly referred to as the "Westfall Act"), 28 U.S.C. § 2679, which amended the Federal Tort Claims Act ("FTCA") to allow the United States to substitute itself for a federal employee as defendant upon certifying that the employee was acting in the scope of his duties. These general citations, combined with statements that Perry was an

---

[2] Although the Government, through the United States attorney, certified that Perry was acting was acting within the scope of his federal employment on January 3, 2001, no special significance attaches to the portion of the certification regarding the federal nature of Perry's employment; Plaintiffs bear no special burden in challenging that aspect of the certification. *See Ezekiel v. Michel*, 66 F.3d 894, 900 (7th Cir. 1995). Whether an individual was a federal employee is a question of federal law. *See Rodriguez v. Sarabyn*, 129 F.3d 760, 764 (5th Cir. 1997).

employee of the United States Department of Health and Human Services ("DHH"), suggests that on -- and only on January 3, 2001 -- Perry was directly employed by DHH. However, the Government, in its motion to dismiss, attached a declaration from Richard Bergeron ("Bergeron"), a senior attorney with DHH, indicating that, pursuant to Public Health Service Act ("PHSA"), as amended by the Federally Supported Health Centers Assistance Act of 1992 ("FSHCAA"), 42 U.S.C. § 201 *et seq.*, Perry was indirectly employed by DHH, specifically as an employee of Outpatient Medical Center, Inc., a federally supported health center. If substitution is in fact predicated on PHSA, it appears that Outpatient Medical Center, Inc., should be named in this suit. It is mentioned in neither the federal or state records of this case.

Thus, the undersigned is unable to determine which statute the Government relies on for its substitution argument. Therefore, the Government is hereby **ORDERED** to identify precisely which statute it bases its substitution argument on and to provide evidence supporting its claim, including why it seeks substitution for only one of the three dates.

The Government's response to this order is due by **June 6, 2006,** after which Plaintiffs will be given ten days to respond.

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE