# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | | |
|---|---|---|
| LACY KING, ET AL. | * | CIVIL ACTION NO. 06-0264 |
| VERSUS | * | JUDGE JAMES |
| DR. DONALD PERRY, ET AL. | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss filed by defendant United States of America ("Government"). (Document No. 13). Plaintiffs Lacy King, Teresa Bell, Stephanie Diggs, Melinda Diggs Harris, Melissa Diggs, Tomekia Diggs, and Robert Diggs (collectively "Plaintiffs") oppose the motion. (Document No. 23). Having twice been ordered by the Court, the Government has provided additional briefing in support of its motion. (Document Nos. 25, 28). For reasons stated below, it is recommended that the Government's motion to dismiss be **GRANTED and that the claims against it be DISMISSED without prejudice.** As the dismissal of these claims leaves this Court with only supplemental state law claims against the non-federal defendants, it is further recommended that the remaining claims be **REMANDED to state court for further proceedings.**

## BACKGROUND

This action arises out of treatment Dr. Donald Perry ("Perry") and Dr. Chime Adiele ("Adiele") provided to decedent Beatrice King ("King") between January 2, 2001, when she first appeared at Madison Parish Hospital ("MPH") with flu-like symptoms, and January 4, 2001, when she died of multiple organ failure and fulminate sepsis. Plaintiffs allege that Perry, King's personal physician, committed malpractice and contributed to King's death when he, *inter alia*, failed to administer timely and non-allergic antibiotics.

On April 30, 2001, Plaintiffs filed a wrongful death and survival action in state court, naming Perry and MPH as defendants. A default judgment was entered against Perry on August 21, 2002, but was set aside, on Perry's motion, and a new trial ordered. The suit was then dismissed on exceptions of prematurity and, pursuant to Louisiana medical malpractice procedures, went through a medical review panel, which subsequently issued an opinion in favor of the defendants. Thereafter, Plaintiffs filed a second action against Defendants on August 26, 2005.

On February 17, 2006, the Government, a non-party, removed Plaintiffs' case to this Court pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* On March 28, 2006, the same date the Government filed the present motion, it also filed an *ex parte* motion under the FTCA to substitute itself for Perry, because, according to a certification from the United States Attorney, on -- and only on -- January 3, 2001, Perry was an employee of the United States Department of Health and Human Services. Plaintiffs did not move to remand the action to state court and, given the Government's *ex parte* filing, had very little time to oppose the motion to substitute before it was granted on March 29, 2006.

The Government moves to dismiss the claims asserted against it because Plaintiffs have failed to exhaust their administrative remedies, as required by the FTCA, before commencing this lawsuit. The Plaintiffs' response to the Government's motion consists of (1) a challenge -- procedurally and on the merits -- to the Government's previously granted motion for substitution and (2) a request that the Court employ the doctrine of equitable tolling to toll the FTCA's statute of limitations.

**LAW AND ANALYSIS**

Standard of Review

2

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998 (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Because the Government's motion does not implicate the merits of Plaintiffs' claims, "no p resumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Garcia v. Copenhaver, Bell & Assics., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977))).

FTCA and Other Relevant Legislation

The FTCA "is a limited waiver of [the United States'] sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976); *see* 28 U.S.C. § 1346(b)(1). Specifically, the FTCA provides that:

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). When first enacted, the FTCA employed an obvious definition of "employee of the Government," limiting it to "officers or employees of any federal agency, members of the military . . ., members of the National Guard while engaged in training or duty . . ., and persons acting on behalf of a federal agency in an official capacity," as well as "any officer or employee of a federal public defender organization." 28 U.S.C. § 2671. As the Supreme Court confirmed, the FTCA "was never intended . . . to reach employees or agents of all federally funded programs that confer benefits on people." *Orleans*, 425 U.S. at 813.

Since its enactment, however, the FTCA's definition of "employee of the Government" has been broadened by other legislation -- namely, for purposes of this case, the Public Health Service Act ("PHSA"), as amended by the Federally Supported Health Centers Assistance Act of 1992 ("FSHCAA").[1] 42 U.S.C. § 201 *et seq.* Now, an "employee of the Government" includes certain federally funded public health centers and their employees. *See* 42 U.S.C. § 233(g)(1). Under the PHSA, a "health center" is defined as "an entity that serves a population that is medically underserved, or a special medically underserved population comprised of migratory and seasonal agricultural workers, the homeless, and residents of public housing, by providing . . . required health services . . . for all residents of the area served by the center." 42 U.S.C. § 254b(a)(1); *see also* 42 U.S.C. § 233(g)(4). Thus, a plaintiff's exclusive remedy in a medical malpractice action against an employee of a federally funded health center would be against the United States under FTCA. *See* 42 U.S.C. § 233(g); *see also* 28 U.S.C. § 2679(b)(1).

When the Attorney General (or his designees), pursuant to the Federal Employees Liability Reform and Tort Compensation Act (the "Westfall Act"), 28 U.S.C. § 2679(d)(1)-(2),

---

[1] In 1995, Congress removed the FSHCAA's expiration date of December 31, 1995, for medical liability coverage. *See* Federally Supported Health Centers Assistance Act of 1995, Pub. L. No. 104-73, 109 Stat. 777 (1995).

certifies that an individual defendant named in a medical malpractice lawsuit was, during the

relevant time period, acting in the scope of his employment at a federally supported health center,

the United States is substituted as a party defendant for the named individual. A plaintiff's claim

then becomes one filed against the United States and therefore is subject to the FTCA. *See* 28

U.S.C. § 2679(b)(1); *McLaurin v. United States*, 392 F.3d 774, 777 (5th Cir. 2004).

Substitution

  While not expressly stated in its opposition, Plaintiffs imply that the Government's

substitution is untimely under the FTCA and is not supported by the evidence. With respect to

the Plaintiffs' first challenge, the undersigned finds that the Government's substitution was

timely. The Public Health Service Act, which makes the FTCA the exclusive remedy for actions

against the Public Health Service, provides that

> [u]pon a certification by the Attorney General that the defendant was acting in the
> scope of his employment at the time of the incident out of which the suit arose,
> any such civil action or proceeding commenced in a State court shall be removed
> *at any time before trial* by the Attorney General.

28 U.S.C. § 433(c). Because no trial has commenced in any of the state proceedings in this

matter, the Government's substitution in this matter is timely.

  The additional briefing and evidence the Government has provided in response to the

Court's orders also indicates that substitution is proper and that the FTCA governs the portions of

Plaintiffs' claims relating to services Perry provided to King on January 3, 2001. On January 2,

2001, when Perry first treated King at the Emergency Room of MPH, he was acting in the course

of his contractual employment with MPH and thus was not a federal employee under the PHSA.

However, on January 3, 2001, after King had been admitted to MPH as an in-patient of Perry's,

he was acting in the course of his employment with Outpatient Medical Center, Inc.

("Outpatient"), a federally supported health center under the PHSA. Despite being afforded time

to respond, Plaintiffs have failed to provide any evidence challenging these facts. Therefore,

because Perry was an employee of a federally supported health center when he treated King on

January 3, 2001, Plaintiffs' claims relating to that date are governed exclusively by the FTCA,

and the Government was properly substituted for Perry.[2]

Failure to Exhaust Administrative Remedies

28 U.S.C. § 2675(a) provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). As with other administrative exhaustion provisions, the purpose behind the

FTCA's is to provide a claimant with "a meaningful opportunity to resolve the matter without the

necessity of judicial intervention." *Montoya v. United States*, 841 F.2d 102, 104 (5th Cir. 1988).

The requirement of exhaustion of administrative review is a jurisdictional prerequisite to

pursuing a claim against the Government under the FTCA. *See Flory v. United States*, 138 F.3d

157, 160 (5th Cir. 1998); *Price v. United States*, 69 F.3d 46, 54 (1995), *modified on reh'g*, 81

F.3d 520 (1996); *Gregory v. Mitchell*, 634 F.2d 199, 203-4 (5th Cir. 1981).

It is undisputed that Plaintiffs have failed to filed an administrative claim with the

---

[2] Plaintiffs argue that the Government should be estopped from substituting itself because of its previous denial of Perry's status as a federal employee. However, the Government's denial occurred during Plaintiffs' first lawsuit in state court and was made in apparent good faith based on information the Department of Health and Human Services provided. The Government moved for substitution only after Perry's malpractice insurer provided notice that Perry had provided in-patient services on January 3, 2001, as an employee of Outpatient. There is no evidence that the Government's delay in moving for substitution was either intentional or done in bad faith.

Department of Health and Human Services ("HHS"), the appropriate federal agency in this matter. Furthermore, Plaintiffs' request that the Court invoke equitable tolling to toll the FTCA's two-year statute of limitations is misplaced. Dismissal in this case is not premised on the FTCA's statute of limitations, but rather on its strict administrative exhaustion requirement, which, as a jurisdictional requirement, is not subject to equitable tolling.[3] *See Perez v. United States*, 167 F.3d 913, 915 (5th Cir. 1999) ("[W]hether the [statute of] limitations provisions of the FTCA are jurisdictional -- in which case equitable tolling could not apply -- remains an open question in this circuit."). Therefore, because Plaintiffs have not exhausted their administrative remedies, the Court lacks jurisdiction over their claims against the Government, and it is recommended that those claims be **DISMISSED without prejudice**.

State-Law Claims

Dismissal of Plaintiffs' claims against the Government leaves only supplemental state-law claims against non-federal defendants, which, given the dates of King's treatment, still includes Perry in his capacity as an employee of MPH. Given the basis for the dismissal of the federal

---

[3] Presumably, Plaintiffs' discussion of the FTCA's statute of limitations stems from their fear that, upon filing an administrative claim, HHS will simply invoke the FTCA's two-year statute of limitations to dismiss their claim. However, those fears, while legitimate, are partly assuaged by 28 U.S.C. §2679(d)(5)(A)-(B), which provides:

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if . . . the claim would have been timely had it been filed on the date the underlying civil action was commenced, and the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5)(A)-(B). As this provision of the FTCA relates to and modifies its statute of limitations provisions, equitable tolling is relevant, especially in this case, with respect to what constitutes the underlying civil action. *See Perez*, 167 F.3d at 914 (finding equitable tolling applicable to FTCA's statute of limitations provisions).

claims, and the posture of the case in this court, it is recommended that these remaining claims be **REMANDED to state court for further proceedings.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of June, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE